United States District Court
Southern District of Texas
**ENTERED**
May 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SEDRICK LAMAR PERRY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00092 |
| | § | |
| LORIE  DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Petitioner Sedrick Lamar Perry is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the Polunsky Unit in Livingston, Texas. Proceeding *pro se*, Perry filed a 28 U.S.C. § 2254 habeas corpus petition on April 15, 2020.  (D.E. 1, 2).  Perry contends that his Fifth and Fourteenth Amendment rights are being violated because the state courts and prison officials have failed to recognize that the Texas Court of Criminal Appeals ("TCCA") reformed his conviction to remove a deadly weapon finding.  For the reasons discussed further below, it is recommended that Perry's petition be dismissed without prejudice prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because it is second or successive.

---

[1] A court may dismiss a petition before service under the screening provisions of Rule 4.  *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

## I.   DISCUSSION

### a.   Second or Successive

In his petition and attached memorandum of law, Perry contends that his Fifth and Fourteenth Amendment rights are being violated. (D.E. 1 at 7; D.E. 2 at 6-11). Perry argues that his conviction for aggravated kidnapping with use of a deadly weapon was reformed by the TCCA in 1997 to exclude the use of a deadly weapon. He asserts that this also changed the degree of his conviction and, thus, his conviction and sentence should be reduced. (*Id.*).

In 1997, Perry filed his first § 2254 petition in case number 2:97-cv-00350, which was denied on the merits. In 2005, he filed a second § 2254 petition in case number 2:05-cv-00415, which was dismissed without prejudice as second or successive. In that petition, Perry raised a single claim that because there was no finding that he used a weapon, the "aggravated" designation on his conviction should be dropped. (Case No. 2:05-cv-00415, D.E. 1 at 7). In 2011, Perry filed a third § 2254 petition in case number 2:11-cv-00296, raising claims related to the denial of parole and the failure of TDCJ officials to acknowledge the TCCA's removal of the deadly weapon finding. The petition was denied on the merits. (Case No. 2:11-cv-00296, D.E. 15 at 1-2).

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an

2

order authorizing the district court to consider the application.  "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, Perry's § 2254 petition is second or successive because he could have raised this claim in a prior application.  Although Perry's current claim may not be identical to the claims raised in his prior applications, it is based on the same underlying facts, namely, that he believes the state courts and prison officials have failed to properly modify his conviction and sentence in accordance with the TCCA's 1997 order.  Although Perry claims in his petition that he did not know until 2018 that his conviction was still being viewed as committed with the use of a firearm and as aggravated kidnapping, that contention is contradicted by the claims in his 2005 and 2011 petitions.[2] (*See* D.E. 2 at 3).

This Court lacks jurisdiction over a habeas action that is "second or successive." *See Key*, 205 F.3d at 774; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).  This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Perry should be allowed to file the successive motion in the

---

[2] Moreover, the memorandum and recommendation in case number 2:11-cv-00296 discusses Perry's various attempts to have his conviction modified in state court and have the lack of a deadly weapon finding recognized by the courts and prison officials.  (Case No. 2:11-cv-00296, D.E. 13 at 2-4).

district court.  *See* 28 U.S.C. § 2244(b)(3)(A).[3]  *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions).

Because it is not clear whether Perry will be able to make a *prima facie* showing that his application satisfies § 2244(b)(2), dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, it is recommended that Perry's habeas petition be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

    **b.**    **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Perry has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under

---

[3] Perry would have to show (1) that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and (3) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).

4

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Where a claim is dismissed on a procedural ground, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, because reasonable jurists would not find it debatable that Perry's claims are second or successive and that this Court lacks jurisdiction to hear them, it is recommended that a COA be denied.

## II.   RECOMMENDATION

Accordingly, it is recommended that Perry's § 2254 petition (D.E. 1) be DISMISSED without prejudice pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached exhibits

that the petition is second or successive.  It is further recommended that a COA be denied.


Respectfully submitted this 6th day of May, 2020.

_____
Julie K. Hampton
United States Magistrate Judge


## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).