Case 2:20-cv-00092 Document 11 Filed on 08/20/20 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SEDRICK LAMAR PERRY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00092 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Sedrick Lamar Perry is a Texas inmate appearing *pro se*. On June 4, 2020, the District Court adopted the undersigned's Memorandum and Recommendation ("M&R") and dismissed Perry's 28 U.S.C. § 2254 petition as second or successive. (D.E. 54, 77). Now pending is Perry's "Motion to Reopen Case" (D.E. 10). This motion is construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons discussed further below, it is recommended that Perry's motion be denied.

**I. BACKGROUND**

On April 15, 2020, Perry filed his *pro se* § 2254 petition, contending that his Fifth and Fourteenth Amendment rights were being violated. (D.E. 1 at 7; D.E. 2 at 6-11). Perry argued that his conviction for aggravated kidnapping with use of a deadly weapon was reformed by the TCCA in 1997 to exclude the use of a deadly weapon. He asserted that this also changed the degree of his conviction and, thus, his conviction and sentence should be reduced. (*Id.*).

In June 2020, the undersigned issued an M&R recommending that Perry's petition be dismissed as second or successive. (D.E. 6). In particular, that conclusion was based on Perry's previous § 2254 petitions in 2005 and 2011 that raised substantially similar claims. (Case No. 2:05-cv-00415, D.E. 1 at 7; Case No. 2:11-cv-00296, D.E. 15 at 1-2).

Perry objected, contending that he was actually innocent and that he should be exempt from the rule against second or successive petitions. (D.E. 7 at 1-3).

The District Court adopted the findings and conclusions in the M&R and dismissed Perry's petition without prejudice as second or successive. (D.E. 8 at 1-2).

## II.   DISCUSSION

### a.   Rule 59(e) and Rule 60(b)

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A Rule 59(e) motion must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). In contrast, a Rule 60(b) motion must be filed "within a reasonable time" after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Because Perry's motion was filed more than 28 days after the District Court's order on June 4, 2020, it is construed as a Rule 60(b) motion. Perry also indicates that it is intended to be a Rule 60(b) motion. (D.E. 10 at 1, 3).

Under Rule 60(b), a party may seek relief from a final judgment where, among other reasons, there was: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to file a

motion under Rule 59; (3) fraud, misrepresentation, or misconduct by the opposing party; or (4) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Perry specifically invokes Rule 60(b)(6), which is the general clause that allows granting relief for any justifiable reason. (D.E. 10 at 1, 3); Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) is "a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). The movant must show extraordinary circumstances for relief to be granted under Rule 60(b)(6). *Id.*

      b.    **Perry's Rule 60(b) Motion**

In his motion, Perry first contends that, in his state habeas proceedings, the Texas Court of Criminal Appeals should have appointed him counsel rather than merely granting his application and directing the trial court to correct the judgment. (D.E. 10 at 3-4). He cites *Martinez v. Ryan*, 566 U.S. 1 (2012), to argue that this defect excuses the fact that his petition was second or successive. (*Id.* at 4). Second, Perry argues that the failure to appoint counsel in the state habeas proceedings resulted in him being unable to raise any claims of ineffective assistance before the statute of limitations had run. (*Id.* at 5-6). Finally, Perry argues that it is impossible to timely file ineffective-assistance claims in Texas because they cannot be raised on direct appeal. (*Id.* at 6-7).

Here, Perry's motion does not meet the Rule 60(b)(6) standard because he has not identified an extraordinary circumstance warranting relief from judgment. The arguments in Perry's motion do not address why his petition in this case should not have been dismissed as second or successive. Instead, he raises different claims about his state

habeas proceedings. However, the arguments he has raised regarding the procedural history of his state habeas proceedings, and the state court's failure to appoint counsel in those proceedings, do not relate to the reason his petition was dismissed in this case. In particular, Perry's arguments address issues of procedural default and timeliness, but his petition was not dismissed as either untimely or procedurally defaulted, but rather as second or successive. (*See* D.E. 6, 8). Perry's citation to *Martinez* is indicative of this, as the Supreme Court's holding in that case related to when a petitioner can show cause for a procedural default. *See Martinez*, 566 U.S. at 9.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Perry's construed motion for relief from judgment under Rule 60(b) (D.E. 10) be DENIED.

Respectfully submitted this 20th day of August, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).